UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(*Miami Division*)
www.flsb.uscourts.gov

IN RE:                                           CASE NO. 16-26603-AJC
                                                 Chapter 13

JORGE DE MARCHENA,

      Debtor(s).

_____/

### BANK OF AMERICA N.A.'S OBJECTION TO CONFIRMATION

Creditor Bank of America N.A. ("Bank of America") hereby files this Objection to Confirmation (the "Objection") and states as follows:

1. Bank of America filed its proof of claim No. 2, on a timely manner, on January 30, 2017 (the "Proof of Claim").

2. The Proof of Claim reflects an **unsecured debt in the amount of $74,285.70** by the Debtor, Jorge de Marchena (the "Debtor"), in favor of Bank of America.

3. According to the Claims Register, the Debtors owes unsecured debts in the total amount of $718,310.12.

4. In his Chapter 13 Plan, he proposes to pay his unsecured creditors $5.72 per month for months one through eighteen and $283.50 per month for months nineteen through sixty.

### Grounds for Objection

*A. The Debtor is not an eligible debtor as defined in 11 U.S.C. §109(e).*

To be eligible to be a Chapter 13 debtor, an individual must have "noncontingent, liquidated, unsecured debts of less than $394,725.00 and noncontingent, liquidated secured debts of less than $1,184,200.00." Noncontingent debts are those for which "all events giving rise to a

CASE NO. 16-26603-AJC<br>Chapter 13

debtor's liability occur pre-petition." *In re Winston*, 309 B.R. 61, 63 (Bankr. M. D. Fla. 2004) (citing *United States v. Verdunn,* 89, F.3d 799, 802 n.7 (11th Cir. 1996)). "A liquidated debt is that which has been made certain as to amount due by agreement of the parties or by operations of law." *United States v. Verdunn,* 89, F.3d 799, 802 (11th Cir. 1996) (internal citation omitted). The test of liquidation relates to "the amount of liability, not the existence of liability." *Id* (citing *In re McGovern*, 122 Bankr. 712, 715 (Bankr. N.D. Ind. 1989)). Claims to pay a fixed sum are typically considered liquidated claims. *Id* at n. 12 (internal citation omitted). "[T]hat a claim has not been reduced to judgment does not render it contingent." *Nicholes v. Johnny Appleseed (In re Nicholes)*, 184 B.R. 82, 87 (B.A.P. 9th Cir. 1995) (citing *In re Dill,* 30 B.R. 546, 549 (B.A.P. 9th Cir. 1983)). In contrast, where "a future exercise of discretion" is needed to determine the amount of the claim, the claim is considered unliquidated. *Id* at 802 (citing *R. Sedgwick, Measure of Damages,* §300 at 570 (9th ed. 1912)). Merely contesting a debt on one's bankruptcy schedules does not mean the debt is no longer considered for the purposes of determining eligibility under 11 USC § 109(e). *See Id* at n. 9. The Debtor currently owes $718,310.12 in unsecured debts, nearly twice as much as is permitted under the Bankruptcy Code. Accordingly, the confirmation of the Debtor's Chapter 13 Plan should be denied.

### B. The Chapter 13 Plan does not comply with 11 U.S.C. §1325(b)(1).

Pursuant to 11 U.S.C. §1325(b)(1), the Court shall not confirm a plan "i[f] the trustee or the holder of an allowed unsecured claim, objects to the confirmation of the plan…unless, as of the effective date of the plan –

> (A) the value of property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable

CASE NO. 16-26603-AJC
Chapter 13

    commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan."

  *See* 11 U.S.C.§ 1325.

  A review of the Debtor's Claim Register indicates that the total amount of unsecured claims is $718,310.12. According to Schedules "J" and "I," the Debtor has $344.42 in disposable income per month [ECF 1]. Yet, he is proposing to pay less than this amount to his unsecured creditors, even assuming that the $344.42 monthly amount accounts for all disposable income [ECF 10]. As the Debtor's Chapter 13 Plan does not propose to pay either the full amount of all unsecured claims or all of his disposable income, the Chapter 13 Plan does not comply with the terms of 11 U.S.C. § 1325(b)(1)(B) and should not be confirmed, even if the Debtor were eligible for remain in Chapter 13 under Section 109(e) of the Bankruptcy Code, which he is not. Bank of America reserves the right to file a Motion to Dismiss based on any basis enumerated herein.

  WHEREFORE Bank of America N.A. respectfully requests this Court enter an Order (1) denying confirmation of the Debtor's Chapter 13 Plan and (2) for such other and further relief as the Court deems just and proper under the circumstances.

        Respectfully submitted,

        /s/ Laudy Luna
        Laudy Luna (FBN 044544)
        Email: ll@lgplaw.com
        **LIEBLER, GONZALEZ & PORTUONDO**
        Courthouse Tower - 25th Floor
        44 West Flagler Street
        Miami, FL 33130
        Tel: (305) 379-0400
        Fax: (305) 379-9626
        *Attorneys for Bank of America, N.A.*

**CASE NO. 16-26603-AJC**
**Chapter 13**

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2017, a copy of the *Objection to Claim* was served via the Court's electronic case filing system on all of those parties receiving electronic notice in the above-referenced case and via U.S. Regular Mail to the following parties:

| | |
|---|---|
| *Debtor:*<br>Jorge De Marchena<br>285 Ridgewood Rd<br>Key Biscayne, FL 33149 | *Counsel for Debtor:*<br>Timothy S Kingcade, Esq<br>1370 Coral Way<br>Miami, FL 33145<br>Email: scanner@miamibankruptcy.com |
| *U.S. Trustee:*<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130 | *Trustee:*<br>Nancy K. Neidich<br>www.ch13herkert.com<br>POB 279806<br>Miramar, FL 33027 |

      /s/ Laudy Luna
         LAUDY LUNA

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130    (305) 379-0400